JOSHUA P. BROWN, APPELLEE, v. GEORGE A. BAKER
ET AL., APPELLANTS.

1. **Mortgage Foreclosure:** CONSIDERATION: EVIDENCE: In an action to foreclose a mortgage given for part of the purchase money, the defenses were failure of consideration and fraudulent representations in the sale of the property. *Held,* That the proof failed to establish the defenses.

2. ———: PRIORITY OF LIENS. Where it is sought to give the lien of a junior mortgage precedence over the lien of a senior mortgage, the claim must be based either on an agreement to that effect or on the superior equity of the junior mortgage.

APPEAL from the district court of Saunders county. Heard below before POST, J.

*Ryan Brothers* and *J. R. Gilkeson,* for appellants, cited: Greenleaf Evidence, Sec. 200.

*George I. Wright* and *William C. Wright,* for appellee, cited: Cooley Torts, 487, 496, 503.   1 Wash. Real Prop., 576.   1 Parsons Contracts, 619.

MAXWELL, CH. J.

This is an action to foreclose a mortgage given by George A. Baker and wife to the plaintiff, in March, 1884. The defense is, first, want of consideration, and second, fraudulent misrepresentations of the plaintiff in regard to the property purchased.   On the trial of the cause in the court below a decree was rendered for the full amount of the mortgage, from which the defendant appeals.   The property mortgaged consists of a mill propelled by water, and prior to 1881 is alleged to have been of the value of $10,000.   The mill is situated on the Platte bottom in Saunders county, some distance below the bridge of the

Omaha.& Republican Valley R. R., and in the ice gorge in the spring of 1881, immediately above the bridge the water of the river was thrown out of the bed of the river onto the bottom, on the south side thereof, and over and along the stream, the water of which had formerly been used to propel this mill, and destroyed the dam, covered the machinery with sediment, and to a great extent destroyed the water power of the mill.

The principal contention of the defendant is, that these facts were concealed from him, and that he purchased the mill upon the sole representations of the plaintiff. In this, however, he is not borne out even by his own testimony. A number of letters of the defendant to Brown are. in the record, but one of which need be noticed. The first letter is dated in January, 1884, and is as follows:

"LINCOLN, NEB., Jan. 31, '84.
"*J. P. Brown, Esq., Clear Creek, Neb.:*

"DEAR SIR—Yours of the 29th rec'd. I cannot accept your proposition. I think I gave you a large offer. I have not the least doubt that the land I offer you is good prairie land. · It is situated in Floyd Co., Texas. As regards the title, it was a railroad grant and I got it from an agent on a script from the state signed by the governor of Texas, and it has the state seal. Your property is surely all run down, and it will take time and money before it will pay any profit. I saw the man that I sent up there (who is a genuine business man); he was not very favorably impressed with it, but when I make an offer I make it on my own responsibility. I have written to those other parties I spoke of, for prices and terms, and shall take a little time to consider which shall be the best thing to do. I hardly believe in partnership business well enough for to go in with an entire stranger. I believe you said if you sold you would put the mill in running order, that is what I would expect; I could not handle the property now without you could take the land. I do not like

to let it go so cheap as I offered it to you, for I think in five years it will be worth as much as the mill. My wife's folks live at Beatrice, and they do not want us to go farther away. Please consider my offer and let me know what you can do. I have done my best.    Yours Truly,
" GEO. A. BAKER, Lincoln, Nebraska."

Some months after Baker had purchased and taken possession of the property, the plaintiff called upon him, when the following conversation took place: " Mr. Baker, do I understand that you say that I misrepresented this property to you when I sold it to you?" To which Baker answered : " No, no, Mr. Brown, not at all ; you didn't but that damned old gray-headed Safford did. Didn't I state to you or tell you how this property was? You did, as near as I could do it myself."

This testimony is not denied by Baker, who says that he does not remember to have said so. It is evident, however, that he did use substantially the very language imputed to him by Brown. Upon the whole testimony it is clear that there were no fraudulent representations made to Baker, to induce him to purchase the property in question. The machinery had a certain intrinsic value, as also the building, aside from their use for milling purposes, and there is testimony in the record tending to show that Baker desired to move the mill to another county and erect it on a watercourse there. The decree of the district court, therefore, practically finding that there was a consideration (and no fraud) affecting the sale, is affirmed.

The testimony shows that $760 of the money paid by Geo. A. Baker to the plaintiff was procured from his brother, James A. Baker, and that a mortgage to secure the same was executed upon the property in controversy in this case in May, 1884. It is sought now to declare the lien of James A. Baker for the $760 superior to that of the plaintiff. There is no proof, however, that such an arrangement was in the contemplation of the parties or any

of them when the mortgages were executed, nor is there any proof showing James A. Baker's equity to be superior to that of the plaintiff.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.